# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANA GAITAN, *et al.*, | |
|       Plaintiffs, | Case No. 2:10-cv-01866-RLH-GWF |
| vs. | **ORDER** |
| BANK OF AMERICA, N.C., *et al.*, | Motion to Strike Jury Demand (#22) |
|       Defendants. | Motion for Rule 39(b) Order (#25) |

This matter comes before the Court on Defendants' Motion to Strike Jury Demand (#22), filed on August 30, 2011; Plaintiff's Opposition to Defendants' Motion to Strike Jury Demand (#24), filed on September 16, 2011; and Defendants' Reply in Support of Motion to Strike Jury Demand (#26), filed on September 26, 2011. Before the Court is also Plaintiff's Motion for Rule 39(b) Order Directing Jury Trial or, Alternatively, Rule 6(b)(1)(B) Order Granting Leave to File *Nunc Pro Tunc* Jury Demand (#25), filed on September 19, 2011; and Response to Plaintiff's Motion for Rule 39(b) Order Directing Jury Trial or Alternatively Rule 6(b)(1)(B) Order Granting Leave to File Nunc Pro Tunc Jury Demand (#27), filed on October 6, 2011.

## BACKGROUND

Plaintiffs filed their complaint in the Eighth Judicial District Court on October 6, 2010. On October 25, 2010, Defendants removed the action to this Court. (*See* #1.) Plaintiffs' Complaint did not contain a demand for a jury trial, and one was not requested at any time while this case was pending in state court. On November 15, 2010, Defendants filed their Answer to the Complaint, and the attached Certificate of Service indicates that service was accomplished on Plaintiffs via CM/ECF and/or deposited for mailing in the U.S. Mail. (*See* #6.) On November 15, 2010, Plaintiffs' attorney was not registered on the U.S. District Court CM/ECF system.

On November 24, 2010, Defendants emailed Plaintiffs' counsel a proposed Joint Status Report and attached the full docket, which indicated that the Defendant's Answer was filed on November 15, 2010. (*See* Reply (#26), Exhibit 1. ) On November 29, 2010, Plaintiffs' counsel registered with the CM/ECF system.  Plaintiffs then filed their Demand for a Jury Trial pursuant to Rule 38 on December 21, 2010.  (*See* # 9.)

Defendants now seek to strike Plaintiff's jury demand as untimely under Rule 38 because it was filed more than 14 days after the last pleading directed to the issue was served. Neither party disputes that the last pleading directed to the issue is Defendant's Answer which was filed on November 15, 2010. Plaintiffs however argue that because the Answer was only served via CM/ECF and at the time Plaintiffs' counsel was not registered with that system, Plaintiffs were never properly served and the 14 day period under Rule 38 has yet to run. Plaintiffs therefore request a Rule 39(b) order directing a jury trial or alternatively, a Rule (6)(1)(B) order granting them leave to file *nunc pro tunc* jury demand.

## DISCUSSION

A party must make a jury demand "not later than 14 days after the last pleading directed to the issue is served." Fed.R.Civ.P. 38(b)(1). In this instance, the last served pleading was Defendants Answer filed and served on November 15, 2010. Thus, under Rule 38(b), Plaintiffs' jury demand was due not later than November 29, 2010, and Plaintiffs' subsequent demand filed on December 21, 2010, is therefore untimely. There are exceptions to the 14 day limitation in removal actions, but neither party argues those exceptions apply in this case, and the Court finds they are not applicable. Rather, the issue before the Court is whether the Answer was served on Plaintiffs, and if so when that service took place for the purposes of Rule 38.

Under the federal rules, a party may proffer service by:

    (A) handing it to the person;
    (B) leaving it:
        (i) at the person's office with a clerk or other person in charge
        or, if no one is in charge, in a conspicuous place in the office;
        or
        (ii) if the person has no office or the office is closed, at the
        person's dwelling or usual place of abode with someone of
        suitable age and discretion who resides there;
    (C) mailing it to the person's last known address-in which event

> service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it by electronic means if the person consented in writing-in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing-in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed.R.Civ.P. 5(b)(2). The Federal Rules also allow parties to use the local court's transmission facilities to serve documents on opposing counsel under Rule 5(b)(2)(E) if local rules authorize it. Fed.R.Civ.P. 5(b)(3). Local Rule 5-4 allows the parties to proffer service through the use of the Court's Notice of Electronic Filing system "upon each party in the case who is registered as an electronic case filing user with the Clerk." Further, Special Order 109 provides that

> Attorneys who are admitted to the bar of this court, admitted to participate in a case pro hac vice, or who are authorized to represent the United States and its agencies, shall register as Filing Users of the System. Registration shall be in the form prescribed by the Clerk of the Court and by these Electronic Filing Procedures.

Because each attorney has a duty to register with the Court's EC/ECF system, service upon a represented party exclusively through the CM/ECF system is common practice. Plaintiffs' counsel had an obligation to register with the CM/ECF system upon notice of removal, and Plaintiffs' failure to do so is the reason why Plaintiffs never received notification of Defendants' answer on November 15, 2011. *See Erholm v. MBNA Corp.*, 2006 WL 561856, *2-*3 (N.D. Ohio 2006) (The Court overruled Plaintiff's motion to strike Defendant's dispositive motion for improper service because once counsel had been served with the removal papers, it became his responsibility to monitor the docket, and under the local rules, it was up to him to make sure the Clerk's office had an accurate business and email address).

The Court however recognizes that Plaintiffs' counsel was not properly registered with the CM/ECF system and therefore probably did not receive notice that an the answer was filed until Wednesday, November 24, 2010, when a draft of the joint status report and copy of the docket sheet were emailed to Plaintiffs' counsel. Plaintiffs' counsel subsequently registered with CM/ECF on Monday, November 29, 2010. The Court assumes that Plaintiffs' counsel reviewed the attached

docket sheet on November 24, 2010, and therefore had notice an answer was filed on that date. The Court finds, for Rule 38 purposes, that the answer was served on Plaintiffs on November 29, 2010, the date Plaintiffs' counsel registered with the system and had full access to all the filed documents. Therefore, pursuant to Rule 38, Plaintiffs' jury demand was due no later than December 13, 2010. Plaintiffs' jury demand filed on December 21, 2010 was untimely.

The Court therefore must strike Plaintiffs' jury demand, unless Plaintiffs can demonstrate the failure to timely file the demand was due to circumstances other than mere inadvertence. *See Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.,* 239 F.3d 1000, 1002 -1003 (9th Cir. 2001); *Russ v. Standard Ins. Co.*, 120 F.3d 988, 989-90 (9th Cir.1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir.1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 910 (9th Cir.1983) (holding district court's denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown). Plaintiffs submit that their failure to file a timely jury demand was because they were never served with the answer and Plaintiffs' counsel was moving his office from November 30, 2010 to December 1, 2010, which caused unforeseen computer problems and resulting delays in all of the Plaintiffs' counsel's cases.

The Court finds that Plaintiffs' failure to file a timely jury demand was due to mere inadvertence. As discussed above, Plaintiffs did not receive a notice the answer was filed because of their failure to timely register with the Court's CM/ECF system. Plaintiffs were aware an answer was filed as early as November 24, 2011 and had full access to the answer and all other filed documents by November 29, 2011. The Court afforded Plaintiffs the benefit of the doubt in calculating the 14 days from November 29th, rather than November 24th. Further, while the Court understands the difficulties associated with moving, Plaintiffs represent that their move and resulting computer problems lasted until December 2, 2010. Plaintiffs had ample opportunity from December 3, 2010 until December 13, 2010 to draft their one page Demand for Jury Trial (*see* #9). The Court therefore finds that Plaintiffs untimely demand for a jury trial must be stricken.

Consequently, because the Court is ordering the jury demand stricken, the Court need not specifically address Plaintiffs' request for a Rule 39(b) Order or alternatively a Rule (b)(1)(B), but to state that they are **denied**. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Jury Demand (#22) is **granted**. The Clerk of the Court shall strike Plaintiffs' Demand for Jury Trial (#9) from the docket.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Rule 39(b) Order Directing Jury Trial or, Alternatively, Rule 6(b)(1)(B) Order Granting Leave to File *Nunc Pro Tunc* Jury Demand (#25) is **denied**.

DATED this 16th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge